Nicholson, C. J.,
delivered the opinion of tbe Court.
Moore & Marsh recovered, a, judgment at law against the city of Chattanooga, for over $7,000, on which execution was returned nulla bona. They thereupon file this bill, to reach the taxes assessed by the city authorities ■ for the year 1873, alleging that Taylor, the Collector and Treasurer of the city, had collected large amounts of taxes, but how much is not known, and that he may have deposited a portion, but how much, if any, is not alleged — in the First National Bank of Chattanooga; further, that the authorities’ are misapplying the taxes collected, especially in paying the salaries of the officers of the corporation, instead of paying complainants and other creditors. . They allege that by the ordinance assessing the taxes for 1873, the specific objects to which the taxes were to be applied were stated, and among these, was that of paying the outstanding indebtedness of the corporation, that the *853 taxes collected for this object constituted a trust fund, which has been misapplied, but how much of this fund has been so collected and misapplied is not stated.
The Mayor and Aldermen, Taylor, the Tax Collector, and the First National Bank are made defendants, and required to make discovery as to the matters alleged; attachment and injunction prayed for, and specific and general relief sought.
• Upon motion the attachmént was discharged, because no ground for an attachmént was stated in the bill; and upon demurrer for several causes specified, the bill was dismissed. It is clear that there is no such allegation in the bill, as authorized the issuance of attachment or injunction. As far as the bill seeks to reach or interfere with the taxes, assessed and collected for the purposes of the municipal government, it is contrary to public policy and could not be maintained as a garnishment bill. The only ground upon which the bill could be maintained would be, that the tax collector had funds in his hands which belonged specifically to complainants, which funds hé was fraudulently misapplying. But the allegations of the bill fail to make such a case, as would authorize the interposition of the Court, without interfering with and obstructing the financial administration of the city government: Bank of Tennessee v. Dibbrell, 3 Sneed, 379.
The decree of the Chancellor is correct and is affirmed with costs.

Cooley v. Young, Nashville, 1871, No. 150, Mem. by Nicholson, C. J. Young had judgment against the N. & N. W. JR. E. Co. and garnisheed Cooley. Cooley answered, that as a Tax Collector of Humphreys County lie had the amount of the plaintiffs judgment in his hands, subject to the orders of the County Court. Also, that he had been notified by Ewing or Claiborne, (who were trustees in a deed of assignment by the company,) that this fund had been assigned to pay certain debts.
No judgment should have been rendered on this answer. It is not a direct admission of effects, and unless there is such admission no judgment can be rendered: 4 Hum., 300; 7 Hum., 132; 4 Col., 242. But see Adams v. City of Memphis, Jackson, November 6, 1875.